Michael J. Sexton CA Bar No. 153435
michael.sexton@ogletree.com
Nicole A. Naleway CA Bar No. 300701
nicole.naleway@ogletree.com
Adam J. Crane CA Bar No. 301193
adam.crane@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
CRAFT USA HOLDINGS, LLC
(erroneously sued as
ANHEUSER-BUSCH, LLC)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DAVID GLEN FORSYTH, an individual;<br><br>       Plaintiff,<br><br>       v.<br><br>ANHEUSER-BUSCH, LLC, a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>       Defendants. | Case No. Pending<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed: November 14, 2025<br>Trial Date:     None Set<br>District Judge:   Hon. TBD<br>Magistrate Judge: Hon. TBD |

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CRAFT USA HOLDINGS, LLC, erroneously sued as, ANHEUSER-BUSCH, LLC ("Defendant") petitions the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff DAVID GLEN FORSYTH ("Plaintiff"), a citizen of the State of California, and the Defendant, a citizen of Missouri, Delaware, and/or New York; the amount in controversy exceeds $75,000; and the foregoing facts were true when Plaintiff filed the Complaint, and remain true now.  Defendant makes this petition on the following grounds:

**I.      THE STATE COURT ACTION**

1.      On or about November 14, 2025, Plaintiff filed a Civil Complaint (the "Complaint") against erroneously sued defendant Anheuser-Busch, LLC entitled "*David Glen Forsyth, an individual vs. Anheuser-Busch, LLC, a corporate entity form unknown; and DOES 1 through 50, inclusive*" in Los Angeles County Superior Court, Case Number 22STCV33352. Decl. of Adam Crane (hereinafter "Crane Decl.") ¶ 2, Exhibit A.

2.      On January 16, 2026, along with the Summons and Complaint, Plaintiff served erroneously sued defendant Anheuser-Busch, LLC through its registered agent for service of process the following documents: (1) Civil Case Cover Sheet; (2) Civil Case Cover Sheet Addendum and Statement of Location; (3) Notice of Case Assignment; (4) Instructions for Handling Unlimited Civil Cases; (5) Notice of Case Management Conference; (6) Alternative Dispute Resolution (ADR) Information Package; and, (7) Plaintiff's statement of punitive damages. True and correct copies of these documents are attached collectively as Crane Decl. ¶ 3, Exhibit B.

3. The Complaint asserts the following causes of action: (1) Violation of Whistleblower Protection of California Labor Code Labor Code §1102.5; (2) Harassment in Violation of Gov. Code §12940 et seq.; (3) Failure to Prevent Harassment in Violation of Gov. Code § 12940(k); (4) Retaliation in Violation of Gov. Code §12940(h); (5) Wrongful Termination; and, (6) Violation of Business & Professions Code § 17200 et seq.

4. On February 12, 2026, erroneously sued defendant Anheuser-Busch, LLC filed an Answer to the Complaint in State Court.  Crane Decl. ¶ 4, Exhibit C.

## II.   **REMOVAL IS TIMELY**

5. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

6. Plaintiff served erroneously named defendant Anheuser-Busch, LLC with a copy of the summons and Complaint on January 16, 2026.  Thirty (30) days from January 16, 2026 was Sunday, February 15, 2026.  Monday, February 16, 2026, is a legal holiday (President's Day).  Federal Rule of Civil Procedure 6 provides in relevant part that when computing any time period specified in any statute that does not specify a method for computing time, to include the last day of the period, but if the last day of the period is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday. Accordingly, the period of time to file the removal pleadings in the instant action is continued to Tuesday, February 17, 2026.

7. As explained above, Plaintiff served the Summons and Complaint on erroneously sued defendant Anheuser-Busch, LLC's registered agent on January 16,

Case No. Pending

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

2026. Because Defendant filed this removal within thirty (30) days of service of the Summons and Complaint, removal is timely.

### III.    COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8.    This timely Notice is based on complete diversity of the parties. Plaintiff is a citizen of the State of California; the Defendant is a citizen of Missouri, Delaware, and/or New York.

#### A.    Plaintiff Is A Citizen Of The State Of California

9.    Plaintiff's allegations constitute prima facie evidence of domicile, which creates a rebuttable presumption sufficient to support removal. *See Sololoff v. LRN Corp.*, 2013 WL 4479010, at *2-3 (C.D. Cal. 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "'prima facia' [sic.] evidence of his domicile, and thus of his citizenship," and plaintiff failed to provide evidence of a different domicile); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile.").

10.    Plaintiff's domicile in California is established by his work for Defendant beginning on or about February 6, 2020 and because he only worked in California during his employment for Defendant until his employment ended on or about November 30, 2024.  *See* Decl. of Julia Shamo  (hereinafter "Shamo  Decl."), ¶ 2-3; In addition, all addresses provided by Plaintiff were in California. *Id.  See also* Crane Decl. ¶ 2, Exhibit A (Complaint ¶ 9-10).

11.    As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

#### B.    Defendant Is A Citizen Of Missouri, Delaware, and/or New York

12.    Erroneously sued defendant Anheuser-Busch, LLC was, at the time the Complaint was filed, and still is, is a limited liability company organized under the laws of the State of Missouri, with its principal place of business and headquarters in

3

Case No. Pending

St. Louis, Missouri and New York. Declaration of James Mathis ("Mathis Decl.") at ¶ 2. Erroneously sued defendant Anheuser-Busch, LLC performs the vast majority of its executive and administrative functions at its corporate headquarters in those locations. *Id.* Erroneously sued defendant Anheuser-Busch, LLC's one (1) member is Anheuser-Busch Companies, LLC, which is a Delaware limited liability company and has its principal place of business in Missouri or New York. *Id.*

13.    Anheuser-Busch Companies, LLC has one (1) member, Anheuser Busch InBev WorldWide Inc. which is incorporated in Delaware and has its principal place of business in Missouri or New York. Mathis Decl. ¶ 3. Anheuser-Busch InBev WorldWide Inc. performs the vast majority of its executive and administrative functions at its corporate headquarters in those locations. *Id.*

14.    Erroneously sued defendant Anheuser-Busch, LLC is a citizen of Missouri, Delaware, and/or New York. Mathis Decl. ¶ 2 and ¶ 3.

15.    Defendant has one (1) member, Anheuser-Busch Commercial Strategy, LLC. Mathis Decl. ¶ 4.

16.    Anheuser-Busch Commercial Strategy, LLC has the following three (3) members: Andrew Thomas, James Mathis and Dan Preston. Mathis Decl. ¶ 5. Messrs. Thomas and Preston are individuals whose member address in New York. *Id.* Mr. Mathis' member address is in Missouri. *Id.*

17.    Because Defendant is a citizen of Missouri, Delaware, and New York and Plaintiff is a citizen of California, complete diversity among the parties exists now, and did so at the time of the filing of this action on November 14, 2025.[1]

---

[1] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

18. Based on all of the forgoing, complete diversity among the parties not only exists now, but also did at the time of the filing of this action on November 14, 2025.

### C. "Doe" Defendants' Citizenship

19. "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "DOE" Defendants in the Complaint cannot defeat diversity jurisdiction.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000 EXCLUSIVE OF INTEREST AND COSTS

20. This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.

21. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.[2]

---

[2] By estimating the amounts Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect

5

Case No. Pending

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

22. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

23. The Complaint does not allege a damage amount as to each claim. Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). As these pleadings show, the amount in controversy here is over $75,000.

**A. Plaintiff's Economic Damages**

24. Plaintiff's Complaint seeks damages in excess of $35,000, the jurisdictional minimum for "Unlimited" actions filed in the Superior Court of California. *See also* California Code of Civil Procedure § 85(a) stating that where amount in controversy is less than $35,000, an action is classified as a limited civil case. Plaintiff's Complaint seeks compensation for loss of earnings and employee benefits and restitution for unfair competition. Plaintiff's Complaint specifically seeks damages for loss of earnings and employee benefits of no less than **$300,000** and no more than **$3,000,000**. Crane Decl. ¶ 2, Exhibit A (Complaint, pg. 18, Prayer, at ¶ 1).

25. Plaintiff's annual salary was $70,980 per year at the time his employment with Defendant ended. Shamo Decl., ¶ 4. Plaintiff's employment with Defendant ended on or about November 30, 2024. Shamo Decl. ¶ 2. Therefore, Plaintiff's past lost wages, total approximately **$82,810** to date ($5,915 x 14 months).

to both liability and damages.

6

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

26.    According to the 2025 Judicial Caseload Profile for the Central District of California, the median time from filing to trial for civil cases is approximately twenty-six and a half (26.5) months. Crane Decl. at ¶ 6, Exhibit D.[3] Twenty-six and a half (26.5) months from the November 14, 2025 filing in this case is approximately January 28, 2028. Therefore, Plaintiff's future lost wages between the date Plaintiff filed his Complaint (November 14, 2025) and the estimated trial date in this matter based on the median time to trial in this District, (January 28, 2028), total approximately **$156,747** ($5,915 per month x twenty-six and a half (26.5) months).

## B. Emotional Distress Damages

27.    Plaintiff's Complaint also seeks compensation for "mental pain and anguish and emotional distress." Crane Decl. ¶ 2, Exhibit A, (Complaint, at ¶¶ 50, 60, 62, 69, 79). Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002). To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons, supra*, 209 F. Supp. 2d at 1033; *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999).

28.    Plaintiff's claim for these damages adds thousands of dollars to the amount in controversy. In California, courts have awarded substantial damages for emotional distress in employment cases alleging retaliation. *Carroll v. Armstrong et al.*, 2016 WL 7094518 (Sacramento Cty. Super. Ct.) (awarding Plaintiff $750,000 for emotional distress, pain and suffering in whistleblower retaliation case); *Vasquez v. Del Rio Sanitarium Inc.*, 2011 WL 8186703 (Los Angeles Cty. Super. Ct.) (awarding $125,000 in non-economic damages in case involving claim for violation of California Labor Code section 1102.5*); Doumit v. Board of Pharmacy et al.*, 2000 WL 33270446

---

[3] Pursuant to Federal Rule of Evidence 201, Defendant respectfully requests that the Court take judicial notice of the 2025 Judicial Caseload Profile, which is attached as Exhibit D to the Crane Decl. (authenticated at Paragraph 6) and filed concurrently herewith.

Case No. Pending

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

(Sacramento Cty. Super. Ct.) (awarding Plaintiff $500,000 in emotional distress damages for suit where Plaintiff alleged reporting wrongdoing and was subsequently retaliated against in violation of California Labor Code section 1102.5).

29. Accordingly, for purposes of determining the amount in controversy for purposes of removal, it is reasonable to anticipate that Plaintiff's emotional distress damages will be at least **$75,000**.

**C. Attorneys' Fees and Costs**

30. Plaintiff also seeks to recover attorneys' fees and costs. Crane Decl. ¶ 2, Exhibit A (Complaint, pg. 18, Prayer, ¶5).

31. The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).

32. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons*, 209 F.Supp.2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages.").

33. Adding the potential recovery of attorney's fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000. *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

with a claim for attorney fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).

34.    Even a conservative estimate of attorney's fees, when viewed in combination with alleged compensatory, punitive and emotional distress damages, would present an amount in controversy that exceeds the jurisdictional minimum. *See, e.g., Lefkir v. Rancho Los Amigos/County of Los Angeles* (BC412351) 10-JV_1877 (2010) (court awards plaintiff's attorney's fees in the amount of $171,917.50); *Martin v. Arrow Electronics, Inc.*, U.S.D.C. Central District of California Case No. 04-1134 ($473,554); *Peacock v. Quest Diagnostics,* U.S.D.C Central Dist. of California No. 09-09206 ($599,000); *Vo v. Valley Dodge Inc.*, L.A. Superior Court No. BC388059 ($402,000).

35.    Even relatively straightforward employment actions generally involve costs of suit (*e.g.*, appearance and filing fees, court reporter costs, service costs, etc.) of over $15,000. Additionally, an attorney in a single-plaintiff employment action is generally more likely than not to expend over 250 hours between discovery, motion practice (including summary judgment and other pretrial motions), trial preparation, trial, and other case-related activity for a case that is litigated through trial. Attorneys' fees in California Fair Employment and Housing Act cases often exceed $75,000. Crane Decl. at ¶ 7.

36.    Accordingly, for purposes of determining the amount in controversy for purposes of removal, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least **$75,000**.

**D. Punitive Damages**

37.    Plaintiff further claims entitlement to punitive damages. Crane Decl. ¶ 2, Exhibit A (Complaint, pg. 18, Prayer at ¶ 4). Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Assn., supra*, 325 F.2d 785, 787 (9th Cir. 1963). For amount in controversy purposes, the court must conclude that Plaintiff will prevail on his claim

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

for punitive damages. *See Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).

38. The potential for a punitive damages award alone against Defendant satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under *Civil Code* section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3D 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

39. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages. *Id*. These included punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.,* JVR No. 802857); $121,000,000 (*Carrol v. Interstate Brands Corp., et al.*, Cal. Super. Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept. 2000)); and $40,000,000 (*Lane v. Hughes Aircraft Co.,* JVR No. 801112. *Id*. As in *Simmons*, Plaintiff is claiming discrimination under California law. The same jury

10

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding in this case.

40.   Jury verdicts in similar cases (*i.e.* lawsuits in which the plaintiff alleges discrimination and wrongful termination, etc.) further support that the amount in controversy exceeds $75,000. In *Ortega v. Carson Wild Wings LLC*, JVR No. 2004090009 (February 11, 2020), a Los Angeles County Superior Court jury awarded a plaintiff $100,000 in punitive damages for a wrongful termination and retaliation matter. In *Quemada v. Cordoba Corporation*, JVR No. 2004230004 (December 6, 2019), a Los Angeles County Superior Court jury awarded a plaintiff $1.5 million in punitive damages where the plaintiff alleged wrongful termination. *See also Romero v. Leon Max, Inc.*, 2009 WL 5258439 (awarding the plaintiff $50,000 in punitive damages, where plaintiff claimed she had been wrongfully terminated); *Amigon vs. Cobe Color Cosmetics,* 2009 WL 7497138 (jury awarding a plaintiff $52,000 in punitive damages in a case where the plaintiff alleged discrimination, retaliation, and wrongful termination); *Martinez v. Rite Aid, et. al.* (BC401746) 10-JV-2044 (October 5, 2010) (awarding $4,800,000 in punitive damages to a plaintiff whose primary causes of action included wrongful termination). Other wrongful termination claims have similarly yielded large punitive damages awards. *See e.g., Lee v. TRW Inc.,* U.S.D.C. Central Dist. of California Case No. 04-1134 (wrongful termination case resulted in 1.2 million in punitive damages); *Ismen v. Beverly Hosp.*, L.A. Superior Court No. BC366198 (discrimination case resulted in $1,180,164 in punitive damages).

41.   Based on these jury awards, it is more likely than not that Plaintiff has put at least **$75,000** in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims.

42.   In summary, for purposes of determining the amount in controversy for purposes of removal, and as shown in the chart below, the total amount in controversy is at least **$307,810 – 3,225,000:**

11

| Type of Damages | Amount in Controversy |
|---|---|
| Economic Damages | $82,810 - $3,000,000 |
| Emotional Distress | $75,000 + |
| Attorneys' Fees and Costs | $75,000 + |
| Punitive Damages | $75,000 + |
| **Total:** | **$307,810 - $3,225,000** |

## V.    VENUE IS PROPER

43.    In accordance with 28 U.S.C. section 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. 28 U.S.C. section 84(c)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. section 1441(a).

## VI.    THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

44.    In accordance with 28 U.S.C. section 1446(a), this notice of removal is accompanied by Exhibits A through D attached to the Crane Decl. which includes copies of all process, pleadings, and orders served upon Defendant.

45.    As required by 28 U.S.C. section 1446(b), the Notice of Removal was filed within thirty (30) days after the Summons and Complaint was deemed served on Defendant. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

46.    In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, Los Angeles County.

/ / /

/ / /

/ / /

Case No. Pending

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

## VII. CONCLUSION

47. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

48. Accordingly, Defendant removes the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes the above-referenced action to this Court.

DATED: February 16, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Michael J. Sexton
Nicole A. Naleway
Adam J. Crane
Attorneys for Defendant, CRAFT USA HOLDINGS, LLC, erroneously sued as Anheuser-Busch, LLC

Case No. Pending

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446